UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE STEVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. IMMIGRATION AND CUSTOMS | ) | No. 21 C 2232 |
| ENFORCEMENT, U.S. CUSTOMS AND | ) | |
| BORDER PROTECTION, U.S. | ) | |
| CITIZENSHIP AND IMMIGRATION | ) | Judge Tharp |
| SERVICES, EXECUTIVE OFFICE OF | ) | |
| IMMIGRATION REVIEW, U.S. NAVY, | ) | |
| U.S. DEPARTMENT OF AGRICULTURE, | ) | |
| U.S. DEPARTMENT OF STATE, and U.S. | ) | |
| DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO CORRECTED COMPLAINT

Defendants U.S. Immigration and Customs Enforcement, U.S. Customs and Border Protection, U.S. Citizenship and Immigration Services, Executive Office of Immigration Review, U.S. Navy, U.S. Department of Agriculture, U.S. Department of State, and U.S. Department of Justice, by their attorney, John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, for their answer to plaintiff's corrected complaint (Dkt. 8), state as follows:

### First Defense

The case should be dismissed with respect to U.S. Citizenship and Immigration Services, U.S. Navy, U.S. Department of Agriculture, and U.S. Department of State for failure to serve.

### Second Defense

The complaint purports to impose obligations on defendants that exceed those imposed by the Freedom of Information Act.

**Third Defense**

Plaintiff is not entitled to compel the production of records that are exempt from disclosure under FOIA or under other provisions of law, and plaintiff is not entitled to compel the production of records that are not subject to FOIA.

**Fourth Defense**

Defendants are not improperly withholding any responsive documents.

**Fifth Defense**

At all times alleged in the complaint, defendants acted in good faith, with justification, and pursuant to lawful authority.

**Sixth Defense**

Defendants offer no response to the complaint's numerous footnotes, which are not allegations that can be reasonably responded to. If the footnotes are intended to require a response, that would violate Rule 8's requirement to provide a "short and plain statement."

**Seventh Defense**

Answering the specific allegations of the complaint, defendant admits, denies, or otherwise avers as follows:

1.    **Complaint:** This is an action under the Freedom of Information Act, ("FOIA") 5 U.S.C. § 552, seeking agency records wrongfully withheld by U.S. Customs and Border Protection ("CBP"), U.S. Department of State ("DOS"), U.S. Department of Justice, Executive Office for Immigration Review ("EOIR"), U.S. Immigration and Customs Enforcement ("ICE"), U.S. Department of the Navy ("Navy"), U.S. Citizenship and Immigration Services ("USCIS"), U.S. Department of Justice ("DOJ"); and U.S. Department of Agriculture ("USDA"). The complaint seeks statutory and equitable relief to remedy Defendants' violations of FOIA which include: (1) failure to process properly submitted FOIA request[s] and to produce responsive documents within the statutory deadlines; (2) failure to conduct proper searches to locate documents responsive to FOIA requests; and (3) failure to segregate non-exempt material in records to which agencies have applied redactions.

**Response**: Admit that this is an action brought under FOIA, and admit that the complaint alleges that defendants wrongfully withheld agency records. Deny the remainder of the allegations in paragraph 1.

2. **Complaint:** Plaintiff Stevens has been irreparably harmed by Defendants' repeated and deliberate violations of the Act: she needs the withheld records for her scholarship and journalism analyzing professional and criminal misconduct in government agencies and corporations that implement policies on behalf of U.S. national sovereignty.

**Response**: Deny.

## JURISDICTION AND VENUE

3. **Complaint:** This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 522(a)(4)(B). Jurisdiction lies to grant declaratory relief pursuant to 28 U.S.C § 2201-2202.

**Response:** Admit that the court has subject matter jurisdiction.

4. **Complaint:** Venue is proper under 5 U.S.C. § 552(a)(4)(B) because Dr. Stevens works and resides within this District.

**Response:** Admit that venue is proper.

## PARTIES

5. **Complaint:** Plaintiff is a professor of political science and the Director of the Deportation Research Clinic at Northwestern University, in Cook County, Illinois. Stevens' office and principal residence are in Cook County, Illinois.

**Response:** Admit.

6. **Complaint:** Stevens is trained as a political scientist. The FOIA requests subject to this Complaint are for the purpose of analyzing, reporting, and theorizing the contradictions of nativism and nationalism with the U.S. Constitution and the rule of law. This includes the unlawful detention and deportation of U.S. citizens as "aliens" as the term is defined in 8 U.S.C. § 1001(a)(3).

**Response:** Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 6; accordingly, they are denied.

7. **Complaint:** In 2011, Stevens published a scholarly article in the *Virginia Journal of Social Policy & the Law* detailing the U.S. government's unlawful detention and

3

deportation of U.S. citizens. The article estimated that from 2003 to 2010, "more than 20,000 U.S. citizens were detained or deported," and identified as the cause, "laws and regulations mandating detention and deportation of hundreds of thousands of incarcerated people without attorneys." Information from the article has been featured in dozens of publications, including the *New York Times*, *New Yorker* magazine, and *Christian Science Monitor*, and drew national attention to the practice.

> **Response:** Defendants lack sufficient information or knowledge to form a

belief about the truth of the allegations in paragraph 7; accordingly, they are denied.

8.　**Complaint:** Stevens also wrote an opinion piece published in the *New York Times* on the issue.

> **Response:** Defendants lack sufficient information or knowledge to form a

belief about the truth of the allegations in paragraph 8; accordingly, they are denied.

9.　**Complaint:** Since 2011, Stevens has continued to research, investigate, and publish on the subject of deportation of U.S. Citizens. In 2012, she founded the Deportation Research Clinic for the purpose of studying government misconduct in deportation proceedings. Many of the cases she studied have become lawsuits on behalf of the detained U.S. citizens, and have been widely reported.

> **Response:** Defendants lack sufficient information or knowledge to form a

belief about the truth of the allegations in paragraph 9; accordingly, they are denied.

10.　**Complaint:** Since 2008, Stevens has been publishing on the improper deportations of U.S. citizens, working to identify systematic protocols and misconduct underlying the deportation of U.S. Citizens, including articles in the *The Nation* magazine (2008 - 10) and a co-edited book, *Citizenship in Question: Evidentiary Birthright and Statelessness* (Duke University Press, 2017).

> **Response:** Defendants lack sufficient information or knowledge to form a

belief about the truth of the allegations in paragraph 10; accordingly, they are denied.

11.　**Complaint:** Stevens' essay in *Citizenship in Question* "The Citizen who is an Alien" in 2018 was awarded a prize for "Best Chapter" by the American Political Science Association section on Migration and Citizenship.

> **Response**: Defendants lack sufficient information or knowledge to form a

belief about the truth of the allegations in paragraph 11; accordingly, they are denied.

12.    **Complaint:**    A global consortium of librarians on behalf of the non-profit organization *Knowledge Unlatched* purchased from Duke University Press the right to publish the book on its website in a no-cost portable document format.

      **Response:**    Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 12; accordingly, they are denied.

13.    **Complaint:**    A primary tool in her research efforts has been obtaining and reviewing U.S. government documents pursuant to FOIA requests, the majority of which have been obtained only after she was forced to initiate litigation under the FOIA

      **Response:**    Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 13; accordingly, they are denied.

14.    **Complaint:**    Since November of 2018, CBP has produced over 30 pages following litigation captioned as *Jacqueline Stevens v. Broadcasting Board of Governors et. al* (1:18-cv-05391).  This litigation is still ongoing.

      **Response:**    Admit that CBP produced 32 pages during the *Stevens v. Broadcasting Board of Governors, et al.*, 18 C 5391 litigation.  Deny that that lawsuit is ongoing as to CBP.

15.    **Complaint:**    Since April 4th, 2017, ICE has produced over 12,000 pages following litigation captioned as *Jacqueline Stevens v. United States Department of Homeland Security, Immigrations and Customs Enforcement* (1:14-cv-03305), *Jacqueline Stevens v. Broadcasting Board of Governors et. al* (1:18-cv-05391), and *Jacqueline Stevens v. U.S. Immigration and Customs Enforcement* (1:17-cv-02853).  All of these cases still are in litigation.

      **Response:**    Admit.

16.    **Complaint:**    Since March 1st, 2019, USCIS has produced over 2,000 pages following litigation captioned as *Stevens v. Broadcasting Board of Governors et al.* (1:18-cv-05391).

      **Response:**    Admit, with the exception that defendants lack sufficient information or knowledge to form a belief about how many pages the Excel spreadsheets that USCIS has produced total when printed out by Stevens; accordingly, that aspect of the allegation is denied.

17. **Complaint:** Defendants ICE, CBP, and USCIS are agencies of the U.S. Department of Homeland Security ("DHS"). Defendant EOIR is an agency of the United States Department of Justice ("DOJ"). Defendant Navy is an agency of the United States Department of Defense ("DOD"). DOD, DHS, DOJ, DOS, and USDA are agencies of the executive branch of the U.S. government within the meaning of 5 U.S.C. § 522(f)(1) from which Stevens sought information through the requests indicated below.

**Response:** Admit, with the clarification that ICE, CBP, and USCIS are components of the Department of Homeland Security, EOIR is a sub-component of the Department of Justice, and the United States Navy is part of the Department of the Navy, which is part of the Department of Defense. Deny the allegations in the fourth sentence of paragraph 17 as some of the requests described in the complaint were not made properly.

18. **Complaint:** The defendants have custody, possession, and control over the records and systems of records sought by Stevens under the Act, and have had such custody, possession, and control at the time the records were requested and up to the present.

**Response:** Deny.

**FOIA Requests Addressed to CBP**

**A. CBP-2016-003607 – Request for information regarding Lazaro Palma**

19. **Complaint:** On October 22, 2015, Stevens submitted a FOIA request directly to CBP. The request sought:

> All records maintained for Lazaro Palma, now deceased. His date of birth was March 27, 1914. His place of birth was El Paso, Texas. He was issued a "Manifest" by a border guard at the Hidalgo border on February 11, 1950 and thus may have other crossing records on file with Customs and Border Protection.

**Response:** Admit that Stevens submitted a FOIA request to CBP on October 22, 2015. Admit that the quoted language is accurate, but deny that the full request is quoted.

20. **Complaint:** Stevens attached a death certificate for Lazaro Palma to her FOIA request.

**Response:** Admit.

21.  **Complaint:** On October 22, 2015, CBP responded confirming receipt of Stevens' request and assigning it tracking number CBP-2016-003607.

      **Response:** Admit.

22.  **Complaint:** Stevens has received no further communications from CBP regarding her request, nor has she received a determination. This constitutes a constructive denial of her request by CBP.

      **Response:** Deny. CBP sent Stevens a letter on January 6, 2016 stating that no

responsive records had been found.

23.  **Complaint:** As of April 26, 2021, 1,376 business days have elapsed since Stevens submitted her request without receiving a determination. This is 1,346 days past the FOIA deadline.

      **Response:** Deny.

### B. CBP-2019-021307 – Request for Information Regarding Nathan Anfinson

24.  **Complaint:** On January 9, 2019, Stevens submitted the following request, pursuant to FOIA:

> Any documentation Customs and Border Patrol has on Mr. Afinson [sic]. Additionally, I am interested in any paperwork addressing Mr. Afinson's [sic] legal permanent resident status.

      **Response:** Admit that Stevens submitted a FOIA request to CBP on January 9,

2019. Admit that the quoted language is accurate, but deny that the full request is quoted.

25.  **Complaint:** Stevens attached a waiver signed by Mr. Anfinson under penalty of perjury to her request. The waiver authorized her to access the records which she had requested.

      **Response:** Admit that Stevens's request included a "Privacy and

Confidentiality Waiver" with the signature "Nathan I. Anfinson/Alfonso Chavez." Deny the

allegations in the second sentence of paragraph 25.

26.  **Complaint:** CBP confirmed the request on February 19, 2019 and assigned it tracking number CBP-2019-021307.

      **Response:** Admit.

27.     **Complaint:**     On February 22, 2019, a research assistant looked up the status of the request on the FOIA online platform.  The request was listed in the "assignment" phase.

      **Response:**     Defendants lacks sufficient information or knowledge to form a

belief about the truth of the allegations in paragraph 27; accordingly, they are denied.

28.     **Complaint:**     On April 4, 2019, CBP issued a final response claiming there were no documents responsive to Stevens' request.

      **Response:**     Deny that the date of the response letter was April 4, 2019.  The date

of the response letter was April 8, 2019.  Otherwise admit.

29.     **Complaint:**     On May 15, 2019, Stevens appealed this decision for the following:

      ICE and CBP rely heavily on the A-File record series, the official records of immigration proceedings for a given alien, in carrying out their missions, and your agency has entered into formal Service Level Agreements establishing responsibilities in sharing the A-File(s) and having access to them.  Upon information and belief your agency does in fact possess numerous additional documents responsive to my request, I would appreciate it if you would produce all records responsive to my request as soon as possible or state legal reasons for not producing it.

      **Response:**     Deny.

30.  **Complaint:**     As of April 26, 2021, 485 business days have elapsed since Stevens submitted her appeal and has received no acknowledgement or determination.  This is 455 days past the FOIA deadline.

      **Response:**     Deny.

31.     **Complaint:**     Upon information and belief, numerous documents existed and exist under CBP's possession, custody, and control as part of the A-File record series, the official records for a given non-citizen who had had a contact with any immigration agency within DHS or the legacy INS.  These documents are responsive to Stevens' request, but have not been produced, nor has CBP explained why they are being withheld.

      **Response:**     Deny.

### FOIA Requests Addressed to DOS

#### A.  F-2021-04009 – Request for Information on Alma Bowman

32.  **Complaint:**  On March 18, 2021, Stevens submitted a request to the Department of State Office of Information Programs and Services (OPS), pursuant to FOIA.  The request sought records on Alma Bowman on an expedited basis.

**Response:**  Admit that the State Department received a FOIA request from Stevens dated March 18, 2021.  Admit that, shortly after the Department received a request, Stevens sent an email asking that the records be processed on an expedited basis.  Admit that the language in the request related to Alma Bowman, though the language in the request itself should govern over the description in paragraph 32.

33.  **Complaint:**  On March 22, 2021, OIPS responded confirming receipt of the request and assigning it the tracking number F-2021-04009.

**Response:**  Admit that the Department responded to Stevens's request on March 22, 2021 and assigned it request number F-2021-04009.

34.  **Complaint:**  OIPS using boilerplate language denied the request for expedited review.

**Response:**  Admit that the Department denied Stevens's request for expedited review.  Deny that the Department's denial was "boilerplate."

35.  **Complaint:**  OIPS provided no information on how to file an electronic appeal of the denial of Stevens' request for an expedited production.

**Response:**  Admit that the Department's denial of Stevens's request for expedited review did not contain information about how to submit an appeal electronically.

36.  **Complaint:**  Owing to numerous other obligations tied to FOIA offices failing to adhere to their statutory requirements, including but not limited to those indicated in this Complaint, Stevens did not file a written appeal via the U.S. Post Office.  This process includes obligations for tracking submissions that impose onerous, unreasonable burdens on applicants.

**Response:** The Department lacks sufficient information or knowledge to form a belief about the truth of the allegations in the first sentence of paragraph 36; accordingly, they are denied. Deny the allegations in the second sentence of paragraph 36.

37. **Complaint:** In its response email, OIPS also stated the following:

> This Office will not be able to respond within the 20 days provided by the statute due to "unusual circumstances." See 5 U.S.C. § 552(a)(6)(B)(i)-(iii). In this instance, the unusual circumstances include the need to search for and collect requested records from other Department offices or Foreign Service posts."

**Response:** Admit that the Department sent Stevens the language quoted in paragraph 37 in its March 22, 2021 email.

38. **Complaint:** OIPS cited 5 U.S.C. § 552(a)(6)(B)(i)-(iii) as the statutory authority on which they were basing their extension. However, 5 U.S.C. § 552(a)(6)(B)(i) requires that all extensions be invoked "by written notice to the person making such request setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." OIPS did not include a date on which a determination was to be expected.

**Response:** Admit that the Department cited 5 U.S.C. § 552(a)(6)(B)(i)-(iii) in its March 22, 2021 response to Stevens. Deny the remaining allegations in paragraph 38.

39. **Complaint:** The Department of State's normal operating procedures include regular communications within the agency and with consular offices in foreign countries. The response provided no specific information as to why one consular office in Manila should be construed as an "unusual circumstance," nor did it indicate the offices reasonably likely to have responsive records that it would task with searches, nor did it indicate any other reason for why such searches met the criterion of "unusual."

**Response:** Admit that the work of the State Department involves regular intra-agency communications, including to and from consular offices in foreign countries. Deny the remaining allegations in paragraph 39.

40. **Complaint:** The FOIA statute further requires in 5 U.S.C. S 552(a)(7) that

Each agency shall –

(B) establish a telephone line or Internet service that provides information about the status of a request to the person making the request using the assigned tracking number, including—
(ii) an estimated date on which the agency will complete action on the request.

**Response:**     Admit that the statute says as much.

41.     **Complaint:**   On March 22, 2021, Stevens responded to OIPS requesting an estimated date of completion on her request.

**Response:**     Admit that on March 29, 2021, the Department received an inquiry from Stevens requesting an estimated date of completion of her request.

42.     **Complaint:**   On March 29, 2021, OIPS responded to Stevens' request as follows: "The Office of Information Programs and Services is in receipt of your inquiry below.  We will follow-up with you as soon as possible to provide a response."

**Response:**     Admit that on March 29, 2021, the Department responded to Stevens in an email that included the language quoted in paragraph 42.

43.     **Complaint:**   On April 5, 2021, Stevens once again requested a completion date from OIPS.

**Response:**     Admit that on April 5, 2021, the Department received an inquiry from Stevens requesting an estimated date of completion of her request.

44.     **Complaint:**   On April 19, 2021, Stevens received an email saying in part, "This request is in process and has a July 30, 2021, estimated date of completion (EDC).  EDCs are estimates and are subject to change."

**Response:**     Admit that on April 19, 2021, the Department responded to Stevens in an email that included an estimated completion date for her request of July 30, 2021.

45.     **Complaint:**   Stevens has received no responsive documents and no legal reason for a completion date well beyond the 20 business days allowed under the statute.

**Response:**      Deny the implication that the Department is in violation of FOIA, but admit that the Department has not released any records to Stevens that are responsive to request F-2021-04009.

### **FOIA Requests Addressed to EOIR**

#### **A. 2020-60006 – Request for Records on U.S. Citizen Case Adjournments**

46.    **Complaint:**   On July 3, 2020, Stevens submitted a FOIA request to EOIR.  The request sought:

> 1) All system records pertaining to immigration proceedings with adjournments referencing claims of U.S. citizenship, i.e. code 54, "Alien claim to U.S. Citizenship", or "Alien contesting charges citizenship."  Please include all system record fields for each case so identified, including but not limited to hearing dates, detention location, custody charges, bond, administrative closings, etc., as well as all system notes, memoranda, and e-mail associated with the system data on these cases.  I would appreciate the case status at the time the report is run, that is, whether the individual's case status is "terminated," "closed," "voluntary departure," "removed," or "appealed," or some other status, as well as the custody status.
> 2) All system records pertaining to all cases terminated at any hearing, i.e., a first merit hearing or after a remand.  Please include all system record fields for each case so identified, including but not limited to hearing dates, detention location, custody changes, bond, administrative closings, etc., as well as all system notes, memoranda, and e-mail associated with the system data on these cases.

**Response:**   Admit.

47.    **Complaint:**   On September 11, 2020, EOIR issued a "final response" to Stevens' request which consisted of 17 spreadsheets.  The response omitted information and records responsive to Stevens' request, including detention location, information on BIA hearings and outcomes, memoranda, email, and notes tied to the cases.

**Response:**      Admit that EOIR issued its final response disclosing certain records in response to Stevens's FOIA request on September 11, 2020.  EOIR also issued a supplemental response disclosing additional information on June 7, 2021.  Deny the allegations in the second sentence of paragraph 47.

48.    **Complaint:**    On October 23, 2020, Stevens emailed EOIR seeking clarification on the response:

> The files responsive to the first request (cases adjourned at some point indicating code 54, or a claim of US citizenship) do not include:
>
> (1) the detention location;
> (2) BIA hearings and outcomes; and
> (3) memoranda, notes, emails and other records tied to these cases. (The bond spreadsheet output (file 60300) has a column for this information but the information is entirely redacted, in violation of the FOIA which obligates agencies to release segregable information).
>
> Finally, and most importantly, the outputs do not actually indicate whether the cases in response to the first request tied to the code 54 adjournments were terminated. Instead, the code for "Terminated" is T and the code for "transfers also is "T." Also, the column labels are unclear. For 60100 Column G is labelled "DEC_COMP" and Column H is labelled "Other_COMP." These ambiguous outputs do not provide information responsive to my request.
>
> Can you please address these deficiencies in these outputs at your earliest convenience and provide the most recent data responsive to my original request?

   **Response:**    Admit.

49.    **Complaint:**    On November 4, 2020, EOIR responded to Stevens as follows:

> Regarding your question about EOIR providing detention center information, please note that detention centers are under the jurisdiction of the Department of Homeland Security, Immigration and Customs Enforcement (DHS/ICE), a different agency than that of the Department of Justice, Executive Office for Immigration Review (DOJ/EOIR). DOJ/EOIR does not separately track the information you seek. We recommend that you visit http://www.dhs.gov/freedom-information-act-foia to request this information.
>
> Regarding your question about EOIR providing "BIA hearings and outcomes", please note that the BIA does not hold "hearings". Additionally, your request cannot reasonably be interpreted to include information related to the BIA. Adjournments referencing

claims of U.S. citizenship, i.e. code 54 are utilized by Immigration Judges, not members of the BIA.

Regarding your comment about the application of FOIA Exemption 5, 5 U.S.C. § 552(b)(5) and FOIA Exemption 6, 5 U.S.C. § 552(b)(6) within tbl 60300, note that this table includes over 1 million individual records. Reasonable segregation is not possible because it would require EOIR to conduct an unreasonably burdensome search within the records.

Regarding your comment about tbl 60100, the information you seek is within the look-up table 80000, specifically, Columns B-E. As you are aware, EOIR provided all look-up tables pertaining to the information you requested and disclosed to you.

**Response:**    Admit.

50.    **Complaint:**    On November 11, 2020, Stevens formally appealed EOIR's ruling. The appeal stated:

On October 23, 2020, I sent an email to EOIR requesting clarification on the above points. On November 4, 2020 I received a reply that did not address my concerns.

1) EOIR stated it withheld responsive information tied to the BIA because "your request cannot reasonably be interpreted to include information related to the BIA." Please note that I requested "all system records" pertaining to cases terminated. EOIR has in its case management systems information that tracks BIA appeals, and therefore should produce them as part of the aggregated case records of proceedings.

2) I was told regarding the ambiguous case statuses that "the information you seek is within the look-up table 80000, specifically." Please note that, as I pointed out in my message to EOIR, this table does not distinguish between transfers and terminations.

3) The response ignored my request for detention information, memoranda, notes, emails and other records tied to those cases, even though EOIR has this information and it has produced it in response to earlier requests. (The fact that an individual is in ICE custody does not mean that EOIR lacks records about the detention status of respondents, a status EOIR tracks for purposes of bond hearings and for serving Notices to Appear.

**Response:**  Deny that Stevens submitted the appeal on November 11, 2020; OIP received the appeal on November 9, 2020.  Deny that the quotation provided is complete, but admit that the portion of the appeal that is quoted is quoted accurately.

51.  **Complaint:**  On November 9, 2020, the DOJ Office of Information Policy (OIP) confirmed that Stevens' appeal had been received and assigned it the tracking number A-2021-00241.

**Response:**  Admit.

52.  **Complaint:**  On March 23, 2021, OIP denied Stevens' appeal, stating in part:

I have determined that EOIR's response was correct and that it conducted an adequate, reasonable search for such records.

Additionally, EOIR informed you that it does not maintain records concerning detention locations.  I have determined that EOIR's response was correct.  Based on the type of records that you appear to be seeking, you might wish to make a request to the Department of Homeland Security or directly to U.S. Immigration and Customs Enforcement for the records that you seek.  I trust that this information will be of some assistance to you as you attempt to locate these records.

I note that on appeal you seek various additional records that you did not originally request.  You may not on appeal expand the scope of your initial request, which was limited to the records described above.  Accordingly, to the extent that you now seek records concerning the Board of Immigration Appeals, you may wish to submit a new FOIA request to EOIR.  Please note that, as EOIR explained in its letter dated November 4, 2020, the Board of Immigration Appeals does not conduct hearings that involve adjournments or terminations.

Furthermore, a proper FOIA request for records must reasonably describe the records sought.  See 5 U.S.C. § 552(a)(3)(A); see also 28 C.F.R. [§] 16.3(b)(2020).  I have determined that the portion of your request for records related to notes, memorandum, and emails would require EOIR to conduct an unreasonably burdensome search.  Your request is not reasonably described because you did not characterize the records sought in such a way that they could be located without individually pulling thousands of files from dozens of locations and conducting thousands of hours of search.  Courts have consistently held that the FOIA does not require agencies to

conduct "unreasonably burdensome" searches for records. See, e.g., Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 892 (D.C. Cir. 1995). You may wish to make a less burdensome request directly to EOIR as to this portion of your initial request.

With regard to the unclear code information in certain lookup tables, please be advised that the FOIA does not require federal agencies to answer questions, create records, or conduct research in response to a FOIA request, but rather is limited to requiring agencies to provide access to reasonably described, nonexempt records. See Students Against Genocide v. Dept of State[,] 257 F.3d 828, 837 (D.C. Cir. 2001); Nat'l Sec. Counselors v. CIA[,] 898 F. Supp. 2d 233[,] 269 (D.D.C. 2012); Judicial Watch, Inc. v. Dep't of State, No. 15-690, 2016 WL 1367731 (D.D.C. 2016).

**Response:** Admit.

53. **Complaint:** Upon information and belief, including past productions of an EOIR coding manual, numerous records existed and exist under EOIR's possession, custody, and control as part of the official records of immigration proceedings. These documents and information are responsive to Stevens' request, but have not been produced, nor has EOIR provided a legal reason for withholding the responsive information.

**Response:** Deny.

54. **Complaint:** EOIR's refusal to release responsive information and OIP's denial of her appeal represents an exhaustion of administrative review pursuant to 5 U.S.C. § 552.

**Response:** Deny.

## FOIA Requests Addressed to ICE

### A. 2019-ICFO-23635 – Request for Records Pertaining to Nathan Anfinson

55. **Complaint:** On November 29, 2018, Stevens submitted a request to ICE pursuant to the FOIA for the following:

All system records pertaining to Mr. Anfinson and all ICE correspondence with other government agencies, individuals, or attorneys pertaining to Mr. Anfinson as well.

All records of all grievances filed by Mr. Anfinson orally or in writing and under the control of ICE or its components, including county jails or private prisons with which ICE has contracted.

16

Commissary account data, including but not limited to information
tracking funds reimbursed to Mr. Anfinson on release from custody.

All correspondence, notes, and other records pertaining to assertions
or findings of U.S. citizenship.

Screen shots of all tabs for interfaces to databases consulted for
responsive records, including but not limited to PLAnet.

**Response:**     Admit that Stevens submitted a FOIA request to ICE on November

29, 2018. Deny that the quotation is precisely accurate, but admit that it is substantively accurate.

56.     **Complaint:**     On December 7, 2018, ICE sent Stevens an acknowledgement of her
request and assigned it the case number 2019-ICFO-23635.

**Response:**     Admit.

57.     **Complaint:**     On December 21, 2018, ICE sent Stevens a document marked "final
response" which included just two pages of responsive information.

**Response:**     Admit that ICE sent a response letter to Stevens on December 21,

2018. Deny that the description of the letter in paragraph 57 is accurate.

58.     **Complaint:**     Although the response was listed under tracking number 2019-
ICFO-23635, the document stated that the files were a response to the USCIS referral of
NRC2018181013. As these were two different requests, this constituted a failure to respond to
Stevens' original request to ICE.

**Response:**     Admit that the response letter bore tracking number 2019-ICFO-

23635. Otherwise deny.

59.     **Complaint:**     On December 21, 2018, Stevens filed an appeal of this response.

**Response:**     Admit.

60.     **Complaint:**     On February 5, 2019, ICE assigned the appeal the tracking number
2019-ICAP-00216.

**Response:**     Admit that ICE assigned the appeal the tracking number 2019-

ICAP-00216, but deny that the date is accurate.

61.     **Complaint:**     On April 29, 2020, ICE issued a document marked as a "final response" to 2019-ICAP-00216:

> Upon remand the Office of the Principal Legal Advisor (OPLA) was tasked to conduct a new search for additional responsive records to your request.   After conducting an additional search OPLA was unable to locate any records responsive to your request.

> **Response:**     Admit that ICE issued its response on April 29, 2020.  Admit that

the portion of the letter that is quoted in paragraph 61 is quoted accurately.

62.     **Complaint:**     As of April 26, 2021, 599 business days have elapsed since Stevens submitted her FOIA request.  On information and belief, ICE has custody of numerous documents responsive to Stevens' request and either is unlawfully withholding them or has not conducted a search of all locations reasonably likely to have responsive documents.

> **Response:**     Deny.

### B. 2019-ICFO-61158 – Request for Records Pertaining to Juan Hurtado-Valencia

63.     **Complaint:**     On August 24, 2018, Stevens submitted a request to ICE pursuant to the FOIA for the following:

> All system records pertaining to Mr. Hurtado as well as all ICE correspondence with other government agencies, individuals, or attorneys pertaining to him as well, including but not limited to correspondence with officials of US Citizenship and Immigration Services and the State Department.  I also am interested in all memorandums, draft memorandums, reports, notes, email, text messages, and any other information maintained in any form about Mr. Hurtado.

> Please include as well:

> 1) All records of grievances filed by Mr. Hurtado orally or in writing under the control of ICE or its components, including county jails or private prisons with which ICE has contracted.

> 2) Screen shots of all tabs for interfaces or databases consulted for responsive records, including but not limited to PLAnet.

> Please note that I am attaching a third party waiver signed by Mr. Hurtado and authorizing the release of all responsive documents to me under the FOIA/PA.

The time frame of this request is 1976 to present.

**Response:**     Deny, though plaintiff did submit a FOIA request on August 24, 2019, which was assigned the tracking number 2019-ICFO-61158.

64.     **Complaint:**     Stevens attached to her request a privacy waiver signed under penalty of perjury by Mr. Hurtado authorizing agencies to release of his records to Stevens.

**Response:**     Admit that Stevens attached a privacy waiver, purportedly signed by Hurtado, to the 2019 request.

65.     **Complaint:**     On December 16, 2019, ICE sent Stevens a document marked "final response" which included sixteen pages of responsive information.  The response withheld numerous documents responsive to Stevens' request, including ICE correspondence about Mr. Hurtado's initial detention and deportation.

**Response:**     Admit, although the date was December 17, 2019.

66.     **Complaint:**     On January 17, 2020, Stevens filed an appeal of this response, alleging the search was inadequate.

**Response:**     Admit that Stevens submitted an appeal that was received by ICE on January 17, 2020.  The appeal was assigned the appeal case number 2018-ICAP-00407.

67.     **Complaint:**     On February 18, 2020, ICE issued a final response to Stevens' appeal.  It stated:

> Upon a complete review of the administrative record and the search documentation which led to the determination on your FOIA request, the search was adequate in all respects and was reasonably calculated to uncover all relevant documents.  Therefore, ICE affirms the adequacy of the search conducted on your FOIA request.
>
> This decision is the final action of ICE concerning your FOIA request.

**Response:**     Admit that ICE issued a final response on February 18, 2020, and that the portion of the response quoted in paragraph 67 is quoted accurately.

68.     **Complaint:**     On information and belief, including past productions to Stevens pursuant to litigation, ICE failed to conduct a search of all locations reasonably likely to have numerous documents responsive to Stevens' request.

19

**Response:**     Deny.

### C. No Tracking Number – Request for Records Pertaining to Manuel Valdez Soto

69.     **Complaint:**     On March 15, 2017, Stevens submitted a request to ICE pursuant to the FOIA for the following:

> All correspondence including but not limited to email and attachments, faxes, notes, and all other records associated with *communications with Citizenship and Immigration Services* *by the office of DHS trial attorneys* or other employees of the ICE Enforcement and Removal Operations about any N600 applications or any other correspondence with ICE HQ about Mr. Valdez's claim to US citizenship.
>
> I am also requesting:
>
> 1) All email and associated attachments sent to and from the ICE US Citizenship Drop Box email address at ICE Headquarters pertaining to Mr. Valdez's assertion of US citizenship.
> 2) Mr. Valdez's records of purchases at the commissary.
> 3) Records of Mr. Valdez's work details, evaluations, and payment.
> 4) All ERO and predecessor component orders, requests, e-mail and all other system records associated with Mr. Valdez's custody in Texas state jails or prisons awaiting these facilities were told to hold him pending his transfer into ICE custody.

**Response:**     Admit that Stevens submitted a FOIA request dated March 15, 2017.

Deny that the description of the request is accurate.

70.     **Complaint:**     Stevens attached to her request a privacy waiver, signed by Mr. Valdez under penalty of perjury, granting her access to these documents.

**Response:**     Admit that Stevens attached to the request a privacy waiver, purportedly signed by Valdez.

71.     **Complaint:**     Stevens has received no further communications from ICE regarding her request, nor has she received a determination.  This represents a constructive denial of her request by ICE.

**Response:** Deny that Stevens has received no further communication from ICE.

ICE emailed Stevens on April 14, 2017, acknowledging her request and referring it to USCIS.

Deny the second sentence of paragraph 71.

72. **Complaint:** As of April 26, 2021, 1029 business days have elapsed since Stevens submitted her request and it has not received acknowledgement or determination. This is 1009 business days past the FOIA deadline. ICE has failed to produce relevant documents or explain why they are being withheld.

**Response:** Deny.

### D. No Tracking Number – Request for Information on FOIA Expenditures

73. **Complaint:** On March 22, 2021, Stevens submitted a request to ICE, pursuant to the FOIA. The request sought:

> All records on which ICE officials rely for creating agency statements of FOIA expenditures andbudgets (sic) in ICE annual requests to Congress for funding FOIA operations, e.g., http://www.dhs.gov/sites/default/files/publications/7_u.s._immigra tion_and_customs_enforcement.pdf, ICE – O&S - 3 (pdfp. 29), ICE – O&S - 23 (p. 49), ICE – O&S - 51 (p. 77), ICE – O&S - 61 (p. 87), ICE – O&S - 73 (p. 99), ICE – O&S - 76 (p. 102).

> This includes but is not limited to:

> (a) All information received from contractors informing FOIA operation Requests for Information, Requests for Proposals, and all current work performed. If a contractor is trying to justify a renewal, extension, or addition to an existing contract, all of these communications in any form are responsive to this request. This includes device text messages, information stored in the cloud, email, notes, and communications responsive to current or past contracts, such as documentation of expenditures on subcontracts, infrastructure, or software outlays.

> (b) Information on FOIA operations and expenditures on which the report relies for its representations in ICE budgets about its use of financial resources, including but not limited to salaries, contracts, and database investments. All related communications tied to these budget requests based on FOIA operations are responsive to this request.

(c) Screenshots of all databases on which ICE relies for its fiscal year budget requests for funding FOIA operations.

> **Response:** Admit.

74. **Complaint:** Stevens has received no further communications from ICE regarding her request, nor has she received a determination of an estimated date of completion. This represents a violation of the FOIA and a constructive denial of her request by ICE.

> **Response:** Admit the first sentence of paragraph 74. Deny the second sentence

of paragraph 74.

75. **Complaint:** As of April 26, 2021, 25 business days have elapsed since Stevens submitted her request without receiving an acknowledgement or determination. This is five business days past the non-extended FOIA deadline. ICE has failed to produce relevant documents or explain why they are being withheld.

> **Response:** Deny.

### FOIA Request Addressed to Navy

76. **Complaint:** On March 19, 2021, Stevens submitted a request to Navy, pursuant to FOIA, for "all system records and other items maintained, produced, or distributed by the Navy and its components on Lawrence E. Bowman."

> **Response:** Admit.

77. **Complaint:** Stevens requested expedited processing of her request, noting the following:

> Under 5 U.S.C. 552, (v) For purposes of this subparagraph, the term 'compelling need' means—that a failure to obtain requested records on an expedited basis under this paragraph could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; or (II) with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Governmental activity. The release of Lawrence Bowman's service records are necessary for his daughter, Alma Bowman, to support her claim of U.S. citizenship and to further the public's understanding of her deportation order and struggle to fight this, absent which there is demonstrable interest.

**Response:** Admit that Stevens's March 19, 2021 FOIA request contained language similar to the language contained in paragraph 77.

78. **Complaint:** On March 19, 2021, Stevens received an email confirming the receipt of her request and assigning it tracking number DON-NAVY-2021-004688.

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78; accordingly, they are denied. But admit that on March 19, 2021, Navy sent an email to Stevens that confirmed receipt of her FOIA request and stated that the request had been assigned tracking number DON-NAVY-2021-004688.

79. **Complaint:** On March 19, 2021, Stevens also received an email stating that her request had been forwarded to the National Archives and Records Administration (NARA) and from there to the "National Personnel Records Center (NPRC) in St. Louis." The email further stated: "Mr. Kevin Pratt, who is copied on this email, will let you know if NPRC can expedite your request."

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79; accordingly, they are denied. But admit that on March 19, 2021, Navy sent an email to Stevens in response to her FOIA request that contained language substantially similar to the language quoted in paragraph 79.

80. **Complaint:** Stevens has received no further communication from Navy regarding her request, including for expedited review.

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 80; accordingly, they are denied.

**B. NARA-NGC-2021-000645 – Request for Records on Lawrence Bowman**

81. **Complaint:** Stevens received a second response to her request to Navy of March 19, 2021, which sought records on Lawrence Bowman (see ¶¶ 76-77).

**Response:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81; accordingly, they are denied. But admit that on March 19, 2021, Navy sent Stevens a response to her FOIA request.

82.    **Complaint:**    On March 20, 2021, Stevens received an email from Kevin Pratt of NPRC, stating: "I have asked my staff to tackle this on Monday."

      **Response:**    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82; accordingly, they are denied.

83.    **Complaint:**    Stevens has received no further communications from NARA or NPRC or any documents responsive to her request.  She has received no denial of her request for expedited processing.

      **Response:**    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83; accordingly, they are denied.

84.    **Complaint:**    As of April 26, 2021, 26 business days have elapsed since Stevens submitted her expedited request and it has not received determination.  This is 16 days past the statutory deadline for responding to requests for expedited processing, and 6 days past the statutory deadline for responding to non-expedited requests.  This is a constructive denial of her request.

      **Response:**    Deny.

## FOIA Requests Addressed to USCIS

### A. FOIA Requests Pertaining to Nathan Anfinson

85.    **Complaint:**    On November 29, 2018, Stevens submitted a request to USCIS pursuant to the FOIA for the following:

> All system records and all other materials in any medium, maintained, received or distributed by USCIS pertaining to Nathan Anfinson, aka Alfonso Chavez.  His date of birth is August 10, 1983. His country of birth is Mexico.  His "alien" number is 026917282. Mr. Anfinson appears to have a claim of US citizenship and yet was deported.  I am specifically interested in finding a copy of Mr. Anfinson's certificate of citizenship and any underlying documents associated with its application.  He believes he saw this document in either 1997 or 1998.

      **Response:**    Admit.

86.    **Complaint:**    On December 4, 2018, USCIS acknowledged receipt of the request and assigned it tracking number NRC2018181013.

      **Response:**    Admit.

87.     **Complaint:**     On March 12, 2019, USCIS issued a final response to the request, releasing 206 responsive pages in their entirety, 13 pages in part and withholding 13 pages in full, claiming "we have determined that they contain no reasonably segregable portion(s) of non-exempt information."   They additionally referred 52 pages to U.S. Immigration and Customs Enforcement.

                 **Response:**     Admit.

88.     **Complaint:**     On June 7, 2019, Stevens appealed the response to her records request.

                 **Response:**     Admit.

89.     **Complaint:**     On July 23, 2019, USCIS released 13 additional unique pages, 9 of which were released in full and 4 of which were released in part.  The letter references exemption b(6) to justify the balance of documents withheld, which included the documents that Stevens requested in her appeal.

                 **Response:**     Admit.

90.     **Complaint:**     On information and belief, the redactions are not justified by a b(6) exemption, including but not limited to information forming the basis for refusing to credit Mr. Anfinson's claim of U.S. citizenship and referenced by an ICE officer elsewhere in the documents released to Stevens for this case.

                 **Response:**     Deny.

### B. Records Pertaining to Nathan Anfinson and Jovita Elena Chavez – FOIA Tracking Number Not Provided

91.     **Complaint:**     On September 19, 2019, Stevens submitted a new and separate FOIA request to USCIS for the following:

> All pages withheld and information redacted from the files released to me for Nathan I. Anfinson, aka Alfonso Chavez based on a b(6) exemption for which the personal information pertained to his mother, Jovita Elena Chavez.  (Mr. Anfinson was adopted and at that time his legal name was changed from Alfonso Chavez Rodriguez.)

> I am attaching a waiver from Mr. Anfinson and his mother, Ms. Chavez.  (Previously I had attached only the waiver from Mr. Anfinson.)  The prior case resulting in records released to me from USCIS was NRC2018181013 and APP2019500445.)

I am requesting USCIS produce immediately the "Narrative Record of Sworn Statement of applicant's mother" referenced on October 12, 1984 on page 8 of 17 of the INS review of the N600 application submitted by Ms. Chavez on behalf of her son as "Govt Ex. 1."

I am also requesting all other system records for Ms. Chavez maintained by USCIS.

**Response:**    Deny.

92.    **Complaint:**    Stevens' request was properly submitted in accordance with USCIS policy, and included written waivers from Mr. Anfinson and his mother, Ms. Chavez. It was a distinct request for documents previously withheld based on an assertion of b(6) exemptions on information and belief tied to information associated with Nathan's mother, Jovita Elena Chavez.

**Response:**    Deny.

93.    **Complaint:**    Stevens requested that her request be fulfilled on an expedited basis for the purpose of obtaining records likely to prove the U.S. citizenship of Anfinson, who is now living in Mexico and suffering from the loss of his home and job.

**Response:**    Defendants lack sufficient information or knowledge to form a

belief about the truth of the allegations in paragraph 93; accordingly, they are denied.

94.    **Complaint:**    On September 23, 2019, USCIS contacted Stevens via email and stated the following:

NRC2018181013 was processed on released on April 12, 2019, you then appealed and APP2019500445 was completed on July 2, 2019.

If you are dissatisfied with the action on your appeal APP2019500445 you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B) as provided in our final action letter.

**Response:**    Defendants lack sufficient information or knowledge to form a

belief about the truth of the allegations in paragraph 94; accordingly, they are denied.

95.    **Complaint:**    On September 24, 2019, Stevens responded, further clarifying her request:

Thank you for your reply. As I noted, this is a new request and thus a new request under the FOIA/Privacy Act, albeit with a request tied to a previous case.

If I do not receive responsive documents within 10 days I will construe the failure to respond as a constructive denial and pursue a judicial remedy.

**Response:** Deny that there was a pending request to be clarified. Aside from that, defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 95; accordingly, they are denied.

96. **Complaint:** On September 25, 2019, Stevens received the following email from USCIS:

My apologies as I understood your email to be a questions of the processing of your two previous requests. As stated our efforts are complete on both requests NRC2018181013 and APP2019500445.

Please make a note on your new FOIA request as you state "request tied to a previous case" and to not duplicate your two previous requests and list those numbers.

FOIA requests can be submitted through one of the options below.

**Response:** Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 96; accordingly, they are denied.

97. **Complaint:** On September 25, 2019, Stevens further clarified her request:

My initial request was valid as written. The clarification was in response to your misunderstanding of plain English.

I would appreciate it if you could assign it a FOIA case number immediately.

**Response:** Deny that there was a pending request to be clarified. Aside from that, defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 97; accordingly, they are denied.

98. **Complaint:** On September 26, 2019, Stevens received the following email:

As stated you will need to file a new FOIA request as your two previous requests have been completed. I do not believe that any further explanation can be offered at this time, as we have exhausted

27

all available avenues from our end to resolve your concerns and explain our findings and processes.

**Response:**     Defendants lack sufficient information or knowledge to form a

belief about the truth of the allegations in paragraph 98; accordingly, they are denied.

99.     **Complaint:**     On September 30, 2019, USCIS informed Stevens that due to the fact that the appeal of her request NRC2018181013 had been completed, her new and separate FOIA request would not be processed, thus constructively denying her request of September 19, 2019, in violation of the FOIA.

**Response:**     Deny that there was a new and separate FOIA request that could be

denied. Aside from that, defendants lack sufficient information or knowledge to form a belief

about the truth of the allegations in paragraph 99; accordingly, they are denied.

100.     **Complaint:**     As of April 26, 2021, 397 business days have elapsed since Stevens submitted her FOIA request. As of the date of filing this complaint, USCIS has provided neither a tracking number, nor any records, nor any legal reason for refusing to conduct a search for documents responsive to Stevens' request.

**Response:**     Deny.

**C. NRC2019603352 – Records Pertaining to Juan Hurtado-Valencia**

101.     **Complaint:**     On August 24, 2019, Stevens submitted the following request to USCIS, pursuant to the FOIA:

> All system records and all other materials in any medium received or distributed by USCIS pertaining to Juan Guillermo Hurtado Valencia. His date of birth is [REDACTED]. His country of birth is Colombia. His "alien" number is ***-***-571 [REDACTED].

> Please note that my request includes but is not limited to all e-mail, memorandums, notes, correspondence, text messages, and archival requests, including information about where his documents and records were being stored.

> The time frame of this request is 1976 to present.

> I am attaching Mr. Hurtado's privacy waiver authorizing the release of this information to me under the Freedom of Information/Privacy Act. Please note that this also includes his certification of his identity.

**Response:**     Deny that a privacy waiver was submitted, but otherwise admit.

102.    **Complaint:**    Stevens attached a privacy waiver, signed by Mr. Hurtado-Valencia under penalty of perjury.  It authorized her access to these records under the terms of the FOIA.

**Response:**     Deny.

103.    **Complaint:**    On September 8, 2019, USCIS responded denying the request in its entirety.  USCIS cited 5 U.S.C. § 552(b)(6) as the reason for their denial and noted:

> In the absence of written authorization permitting disclosure of the records to you, proof that the subject is decease, or a demonstration of a public interest that would outweigh the subject's privacy interest, you are not entitled to the requested records under the FOIA.

**Response:**     Deny that the quoted text represents USCIS's complete response;

otherwise admit.

104.    **Complaint:**    As Stevens clearly indicated that a privacy waiver was included with the original request, USCIS had no legal basis for not conducted a search.

**Response:**     Deny.

105.    **Complaint:**    On September 25, 2019, Stevens responded to USCIS' determination as follows:

> The letter denied my request and asserted a b(6) exemption.  I did, however, include a privacy waive signed under penalty of perjury.  Moreover, the proper procedure in this context is to initiate the search and also indicate if there is additional documentation required.
>
> The letter does not indicate if you overlooked the attached waiver or are claiming it is in some way defective.  Please advise.

**Response:**     Defendants lack sufficient information or knowledge to form a

belief about the truth of the allegations in paragraph 105; accordingly, they are denied.

106.    **Complaint:**    On September 26, 2019, Stevens received the following e-mail from Denise Lowderman, Paralegal, U.S. Citizen and Immigration Services:

As stated you will need to file a new FOIA as your two previous request have been completed. I do not believe that any further explanation can be offered at this time, as we have exhausted all available avenues from our end to resolve your concerns and explain our findings and processes.

If you are making a new request please use the guidelines as provided in this email thread.

**Response:** Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 106; accordingly, they are denied.

107. **Complaint:** On September 26, 2019, Stevens replied at 2:33 p.m.:

Ms. Lowderman,

To what two requests are you referring? The FOIA cases in the subject line are for one request.

My second request is the one you misunderstood as part of this previous and separate request.

**Response:** Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 107; accordingly, they are denied.

108. **Complaint:** At 2:34 p.m. Stevens sent an additional email:

Ms. Lowderman,

On its face, a "previous request" is a distinct from a "current" request. Obviously i need to include the PREVIOUS case number for purposes of the NEW search I was requesting. Can you please give me a legal reason for not producing the requested documents or even assigning a case number?

Your misconstruing a valid request is not a legal reason for not producing responsive documents.

Thank you,
Jackie

**Response:** Defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 108; accordingly, they are denied.

109.     **Complaint:**     Upon information and belief, numerous documents existed and exist under USCIS' possession, custody, and control pertaining to Mr. Hurtado-Valencia.   These documents are responsive to Stevens' request and have not been produced.

       **Response:**     Admit that USCIS has responsive records pertaining to Hurtado-

Valencia, but deny that they have not been produced.

110.     **Complaint:**     As of April 26, 2021, 414 business days have elapsed since Stevens submitted her request and it has not been fulfilled.   This is 394 days past the FOIA deadline and constitutes a constructive denial of her request.

       **Response:**     Deny.

### D. NRC2020120595REQ – Records Pertaining to Lorenzo Palma

111.     **Complaint:**     On August 11, 2020, Stevens submitted the following request to USCIS, pursuant to the FOIA:

> 1) All system records and other materials in any medium created, maintained, or received by USCIS regarding Lorenzo Palma, including but not limited to his N-600 application, including all records for his grandfather, Lazaro Palma.   Lorenzo's "alien" number is 024-863-347.   His DOB is 7/28/76.   He was born in Mexico.
>
> 2) All materials associated with creation of the Notice of Intent letter sent to Mr. Palma regarding his N-600 application.   The letter is dated July 16th, 2020.  The materials I am requesting include but are not limited to notes, emails, drafts, memorandums, cell text messages, post-its, and all information on the PLAnet database and any other database on which USCIS officials contributing to the decision about the NOI had access.
>
> 3) Screenshots of interfaces used by USCIS officials creating or obtaining information on which USCIS relied in producing the NOI letter of July 16, 2020.

       **Response:**     Admit.

112.     **Complaint:**     The request was submitted through USCIS' online FOIA request system and was automatically assigned the tracking number NRC2020120595REQ.

       **Response:**     Admit.

113.     **Complaint:**     Stevens has received no documents or any further communications from USCIS.

> **Response:** Deny.

114. **Complaint:** As of April 26, 2021, 174 business days have elapsed since Stevens' request was submitted to USCIS and it has not received a determination. This is 144 days past the FOIA deadline. USCIS has failed to produce relevant documents or explain why they are being withheld. This is a constructive denial of Stevens' request.

> **Response:** Deny.

## FOIA Requests Addressed to USDA

### A. No Tracking Number – Records on Lazaro Palma

115. **Complaint:** On August 14, 2020, Stevens requested the following from USDA, pursuant to FOIA: "all system records, including but not limited to hiring, payment receipts, immigration documents, and border crossing records, maintained by the Department regarding Lazaro Palma."

> **Response:** Because Stevens submitted her records request to an outdated and unmonitored email address, specifically USDAFOIA@ocio.usda.gov, defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 115; accordingly, they are denied.

116. **Complaint:** Stevens included proof of Mr. Palma's death, authorizing her to access these records.

> **Response:** Because Stevens submitted her records request to an outdated and unmonitored email address, specifically USDAFOIA@ocio.usda.gov, defendants lack sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 116; accordingly, they are denied.

117. **Complaint:** Stevens has received no further communications from USDA regarding her request.

> **Response:** Admit that USDA never contacted Stevens about the alleged request.

118. **Complaint:** As of April 26, 2021, 171 business days have elapsed since Stevens submitted her request and it has not received acknowledgement or determination. This is 151 days

past the FOIA deadline. USDA has failed to produce relevant documents or explain why they are being withheld.

   **Response:**  Admit that USDA never acknowledged or made a determination on Stevens's alleged request. Because Stevens submitted her records request to an outdated and unmonitored email address, specifically USDAFOIA@ocio.usda.gov, defendants lack sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraph 118; accordingly, they are denied.

## **Claims for Relief**

### **Count I**

### **Violation of the FOIA: Failure to Comply with Statutory Deadlines**

  119. **Complaint:** Plaintiff incorporates by reference paragraphs 1 to 118.

   **Response:**  Defendants incorporate by reference their responses to paragraphs 1 through 118 as if set forth in full here.

  120. **Complaint:** Defendants CBP and USCIS, respectively, failed to make a determination regarding Stevens's 2016 CBP-2016-003607 FOIA request for 1346 business days, Steven's [*sic*] 2020 NRC2020120595REQ FOIA request for 174 business days, and Stevens' appeal of CBP-2019-021307 appeal for 485 days past the applicable statutory deadline, as more fully explained above.

   **Response:**  Deny.

  121. **Complaint:** Defendants DOS and Navy, respectively, failed to respond to Stevens's F-2021-04009 request for 7 days past the statutory promulgated deadline and to Stevens's DON-NAVY-2021-004688 FOIA request for 6 days past the statutory promulgated deadline.

   **Response:**  Deny.

  122. **Complaint:** Defendants ICE, USCIS, and USDA, respectively, have failed to acknowledge and respond to Stevens's March 22, 2021 FOIA request in re: FOIA expenditures and budgets for 25 business days, to Stevens's March 15, 2017 ICE FOIA request in re: Manual Valdez Soto for 1029 business days, to Stevens's September 19, 2019 USCIS FOIA in re: Nathan Anfinson and Jovita Elena Chavez Request for 397 business days, and to Stevens' August 14, 2020 USDA FOIA request in re: Lazaro Palma for 171 business days. Thus, each of these Defendants

has violated the statutory deadlines under 5 U.S.C. §§ 552(a)(6)(E)(ii)(I), (a)(6)(A)(ii) and the procedures established by 5 U.S.C. 552(a)(6)(B)(i)-(iii).

> **Response:** Deny.

123. **Complaint:** Plaintiff has administratively exhausted all applicable administrative remedies under 5 U.S.C. §§ 552(a)(6)(C)(i).

> **Response:** Deny.

## Count II

### Violation of the FOIA: Failure to Grant Requests for Expedited Processing

124. **Complaint:** Plaintiff Stevens incorporates by reference paragraphs 32 to 45, 76 to 80, and 91-100.

> **Response:** Defendants incorporate by reference their responses to paragraphs

32 through 45, 76 through 80, and 91 through 100 as if set forth in full here.

125. **Complaint:** Defendant DOS's failure to grant Plaintiff's request for expedited processing for Stevens's F-2021-04009 FOIA Request violated the FOIA, 5 U.S.C. § 552(a)(6)(E)(i).

> **Response:** Deny.

126. **Complaint:** Defendant Navy's failure to grant Plaintiff's request for expedited processing for DON-NAVY-2021-004688 FOIA Request violated the FOIA, 5 U.S.C. § 552(a)(6)(E)(i).

> **Response:** Deny.

127. **Complaint:** Defendant USCIS failure [*sic*] to grant Plaintiff's request for expedited processing for the September 19, 2019 USCIS FOIA Request in re: Nathan Anfinson and Jovita Elena Chavez violated the FOIA, 5 U.S.C. § 552(a)(6)(E)(i).

> **Response:** Deny.

128. **Complaint:** Plaintiff is entitled to injunctive relief with respect to each agency determination and/or failure to act on her requests for expedited processing.

> **Response:** Deny.

**Count III**

**Violation of the FOIA: Unlawful Withholding of Agency Records**

129.  **Complaint:**  Plaintiff incorporates by reference paragraphs 19 to 118.

**Response:**  Defendants incorporate by reference their responses to paragraphs 19 through 118 as if set forth in full here.

130.  **Complaint:**  Plaintiff has a statutory right under the Act to obtain the agency records properly requested in the requests identified in paragraphs 19 to 118 above.

**Response:**  Deny.

131.  **Complaint:**  No legal basis exists for Defendants CBP, DOS, EOIR, ICE, USCIS, and Navy' [*sic*] failures to promptly docket, process, respond, and produce responsive agency records in accordance with the timing and other requirements of the Act.

**Response:**  Deny.

132.  **Complaint:**  As of the date of this Complaint, Defendants have wrongfully withheld records requested by Plaintiff in her FOIA requests and have failed to demonstrate that such records are lawfully exempt from production.  *See* 5 U.S.C. § 552(a)(6)(C).  Nor have Defendants notified Plaintiff of the scope of any responsive records each defendant intends to produce or withhold and the reasons for any withholdings, nor informed Plaintiff that it may appeal any specific, adverse determination.

**Response:**  Deny.

133.  **Complaint:**  By failing to timely process and respond to Plaintiff's requests within the statutorily prescribed time limits, Defendants have violated their respective duties under the FOIA, including but not limited to their duties to process properly submitted requests for records, to conduct a reasonable search for responsive records, and to produce all responsive, reasonably segregable, non-exempt information.  Therefore, Defendants are unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

**Response:**  Deny.

134.  **Complaint:**  Plaintiff is being irreparably harmed by reason of Defendants' unlawful withholding of records responsive to Plaintiff's FOIA requests and their failure to comply with their respective obligations under FOIA, and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to conform its conduct to the requirements of the law.

**Response:**  Deny.

135.    **Complaint:**    Plaintiff has exhausted all applicable administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

      **Response:**    Deny.

136.    **Complaint:**    Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the requested records.

      **Response:**    Deny.

WHEREFORE, defendants request that this case be dismissed with costs and that the court award such other relief as may be appropriate.

      Respectfully submitted,

      JOHN R. LAUSCH, Jr.
      United States Attorney

      By: Alex Hartzler
         ALEX HARTZLER
         Assistant United States Attorney
         219 South Dearborn Street
         Chicago, Illinois 60604
         (312) 886-1390
         alex.hartzler@usdoj.gov